700-15 701-15 702-15 703-15

Court of Criminal Appeals
of Texas
AT Austin

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 08 2015
Abel Acosta, Clerk

Benny Joseph Walker, Appellant

V.

The State of Texas, Appellee

On appeal from the Court of Appeals
First Supreme District
At Houston, Texas

cause Nos. 01-13-00739 CR, 01-13-00740 CR,
01-13-00741 CR, 01-13-00742 CR.

Appellant's Petition for Discretionary Review
Pro-se by Appellant

Benny Joseph Walker, Appellant
TDJC # 01877490
Allred unit
2101 F.M. 369 N.
IOWA PARK, Texas 76367

# Table of Contents

Identity of Parties and Counsel ............ 3

Table of Authorities ............ 4

Statement of the Case ............ 5

Issues Presented ............ 6

Point of Error One ............ 6

Point of Error Two ............ 6

Point of Error Three ............ 7

Point of Error Four ............ 7

Statement of Procedural History ............ 7

Statement of the Facts ............ 8

Grounds for Review ............ 8

Point of Error One ............ 8

Point of Error Two ............ 9

Point of Error Three ............ 10

Point of Error Four ............ 10

Point of Error Four Continued ............ 11

Prayer ............ 11

## Identity of Parties and Counsel

Appellant: Benny Joseph Walker

Counsel for the State:

    Honorable Ms. Julie L. Renken

    SBOT no. 00794696

    District Attorney

        and

    Ms. Lauren K. Haevischer

    SBOT no. 24070044

    Assistant District Attorney

    Washington County, Texas

    Courthouse Annex

    110 S. Park Street

    Brenham, Texas 77833

Trial Counsel for Appellant:

    Mr. Bruno Shimek       Mr. Luis Vallejo

    SBOT no. 18265550   and SBOT no. 20635600

    Attorney At Law        Attorney At Law

    218 N. Main Street     P.O. Box 340

    Bryan, Texas 77803   La Grange, Texas 78943

Appellate Counsel for Appellant:

    Mr. Forrest L. Sanderson

    SBOT no. 17610700

    Attorney At Law

    807 Pecan Street

    Bastrop, Texas 78602

# Table of Authorities

## Cases

Bell v. State, 938 S.W. 2d., 35,50 — 10

Broders v. Heise, 924 S.W. 2d., 148,151 — 8

Buckley v. State, 758 S.W. 2d., 339,343 — 11

Cuadros-Fernandez v. State 316 S.W. 3d., 645,654 — 9

Harris v. State 122 S.W. 3d., 871,883 — 10

Johnson v. State 967 S.W. 2d., 417 — 8

Kelly v. State 824 S.W. 2d., 568 — 9

King v. State 953 S.W. 2d., 266,271 — 11

Pointer v. Texas 380 U.S. 400,406, 85 S.Ct. 1065,1069 — 9

Vela v. State 209 S.W. 3d., 128,131 — 9

## Statutes

Texas Code of Criminal Procedure Article 36.06 — 7,10

Texas Code of Criminal Procedure Article 38.071 — 6,9

Texas Code of Criminal Procedure Article 38.072 — 7

## Rules

Texas R. App. 44.2 (a) — 9

Texas R. App. 44.2 (b) — 8

Texas R. Evid 104 (a) — 8

Texas R. Evid 401, 402 — 9

Texas R. Evid 614 — 10

## PETITION OF APPELLANT:

Comes now, Appellant, Benny Joseph Walker, and submits this petition according to the Texas Rules of Appellate Procedure.

## ORAL ARGUMENT

Appellant believes that Oral Argument would be helpful in clarifying errors in dispute in this case and to answer any questions that the Court may have.

## Statement of the Case

Appellant was charged by four seperate indictments that were consolidated at the trial level and tried to the SAme jury.

The jury found Appellant quilty of all four counts. After hearing the punishment evidence, the jury assessed punishment of seventy-five (75) years on each of the three counts of Sexual Assault of a child and four (4) years on the one (1) count of Possession of Child Pornography, for a total of two hundred and twenty-nine years (229), without the possibility of parole, which is in effect a death sentence.

5

# ISSUES PRESENTED

## Point of Error One

The trial court abused it's discretion by allowing a psychologist to opine as an expert witness regarding specific behaviors exhibited by Appellant and by the alleged child victims without conducting a psychological evaluation of either the Appellant or the children.

## Point of Error Two

The trial court violated Appellant's right to confrontation by allowing the two alleged child victims to testify via closed circuit television pursuant to Article 38.071 of the Texas Code of Criminal Procedure, based on unreliable testimony of one witness who lacked education, experience, and sufficient contact with the alleged child victims to opine on this issue.

6

## Point of Error Three

The trial court abused it's discretion by allowing the two alleged child victims to testify after a clear violation of "The Rule" should have precluded thier testimony, pursuant to Rule 614 of the Texas Rules of Evidence and Texas Code of Criminal Procedure Article 36.06.

## Point of Error Four

The trial court abused it's discretion in allowing Stacie Aquilar to testify regarding hearsay statements made by the two alleged child victims pursuant to Article 38.072 of the Texas Code of Criminal Procedure, since said testimony of outcry statements were unreliable under the circumstances.

## Statement of Procedural History

Court of Appeals Mandate was issued on April 17, 2015.
Court of Appeals affirmed the trial court's judgement.

7

## Statement of the Facts

Appellant was the step-grandfather of the two alleged child victims as charged in the three aggravated offenses involved in this appeal. Appellant's wife worked nights, which meant that Appellant was sole caretaker of the children when they visited. Appellant's duty was to bathe the children and generally take care of thier health, as per thier mother's request.

The last day the children were at Appellant's home, the children were misbehaving. Appellant put them in a "time out," which meant cutting thier swim time short. This made them mad at Appellant. Thier outcry is a total fabrication.

## Grounds For Review

### Point of Error One

The psychologist was not qualified as an expert witness because he had no contact with the Appellant or the alleged child victims. Broders V. Heise, 924 S.W. 2d. 148, 151. The burden of proof is upon the party seeking to offer expert testimony. Tex. R. App. 442 (b) Johnson V. State, 967 S.W. 2d. 417

According to the Texas Rules of Evidence, three conditions must exist in order for testimony of an expert to be admitted. Tex. R. Evid 104 (a)

8

First, qualification; second, testimony must assist the trier of fact to understand the evidence; third, evidence should be admitted only if it would make the existence of any fact of consequence to determine the action more probable. Tex R. Evid 401, 402, Vela v. State 209 S.W. 3d., 128, 131 Also see Kelly v. State 824 S.W. 2d. 568

## Point of Error Two

The alleged child victims were allowed to testify via closed circuit television pursuant to Article 38.071 of the Texas Code of Criminal Procedure based on one witness's testimony, who did not have the experience, education, or contact with the children necessary to form her opinion, therefore violating Appellant's Sixth Amendment right to confrontation.

In Cuadros-Fernandez v. State, 316 S.W. 3d, 645, 654 (Tex. App-Dallas 2009) "If the Appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the Court of Appeals must reverse judgement or conviction unless the error did not contribute, beyond a reasonable doubt, to the conviction." Tex. R. App. 44.2(a)

Also see Pointer v. Texas, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069, 13 L. Ed. 2d, 923

9

## Point of Error Three

The alleged child victims were allowed to testify after a clear violation of "The Rule" should have precluded thier testimony, pursuant to Rule 614 of the Texas Rules of Evidence and Texas Code of Criminal Procedure Article 36.06

Psychologist Lynnette Guerra testified that she met with the children on several occasions and discussed what they (the children) would say in court.

The recognized remedies for violation of the "Rule" include 1) simply ignoring the violation; 2) exclusion of the testimony; or 3) holding the violater in contempt.
Bell v. State 938 S.W. 2d., 35,50 (Tex, Crim.App 1996)
Also see Harris v. State 122 S.W. 3d, 871, 883
(Tex App., Fort Worth 2003)

## Point of Error Four

The trial court allowed Stacie Aquilar to testify as an outcry witness although the outcry statement of the alleged child victims was unreliable under the circumstances. The court also allowed Paul Proudfoot to testify although he was not old enough to be a legal outcry witness, as he was only 15 years old at the time the alleged child victims told him the story.

10

The alleged child victims originally told thier story to Paul Proudfoot, thier 15 year old step-uncle. Paul was allowed to testify at trial. As a 15 year old juvenile, Paul Proudfoot was not elligeble to be an outcry witness.

In Buckley v. State, 758 S.W. 2d, 339, 343, the court set forth several indicators for trial court to examine in order to determine whether testimony is relliable. One indicator is whether the out of court statement was spontaneously made in child's own language or whether there is evidence of prompting or manipulation. This error substantially affected the outcome of Appellant's trial. King v. State, 953 S.W. 2d, 266, 271

## Prayer

Appellant hereby requests that this court reverse this cause, and remand the case for a new trial, and award Appellant whatever other relief to which he may be entitled.

Respectfully submitted
Benny Joseph Walker
Benny Joseph Walker
TDCJ # 01877490
Allred Unit
2101 F.M. 369 N.
Iowa Park, Texas 76367



BENNY WILLIAMS #---
JAMES V. ALLRED UNIT
2101 FM 369 NORTH
IOWA PARK, TX. 76367-6568

COURT OF CRIMINAL APPPEALS
P.O. BOX 12308
AUSTIN, TX. 78711